## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE #1, | : | Civil No. 1:20-CV-02339 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CHAD WOLFE, et al., | : | |
| | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

### <u>MEMORANDUM</u>

Before the court is Defendants' motion to dismiss Plaintiff's claims for relief directing the United States Citizenship and Immigration Service ("USCIS") to adjudicate her U Visa petition and related application for employment authorization. (Doc. 8.) For the reasons that follow, the court grants in part and denies in part the motion to dismiss. (*Id.*)

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. Statutory and Regulatory Framework for the U Visa Program

In October 2000, Congress amended the Immigration and Nationality Act ("INA") to establish the U Visa program as part of the Victims of Trafficking and Violence Protection Act of 2000, Pub. L. 106-386, 114 Stat. 1464. The U Visa program grants qualified individuals lawful temporary resident status and employment authorization for the duration of their U Visa status. 8 U.S.C. § 1184(p)(3)(B). To qualify for a U Visa, a petitioner must show that they:

(1) "suffered substantial physical or mental abuse as a result of having been a victim of a qualifying crime;" (2) possess information pertaining to that crime; (3) are cooperating with the investigation or prosecution; and (4) that the crime in question violated the laws of the United States and occurred in the United States or its territories and possessions. 8 U.S.C. § 1101(15)(U). If an individual wishes to apply for a U Visa, they must submit a Form I-918 Petition for U Nonimmigrant Status along with a sworn certification from law enforcement personnel stating that the individual applying for a U Visa was a victim of a qualifying crime, has information about the qualifying crime, and has been helpful to an investigation or prosecution regarding the qualifying crime. 8 C.F.R. § 214.14(c).

Under the current law, Congress has only authorized the USCIS to issue 10,000 principal U Visas per year. 8 U.S.C. § 1184(p)(2)(A). However, since the U Visa program's inception, the number of U Visa petitioners has exceeded the 10,000 statutory cap, resulting in a massive backlog of U Visa petitions waiting to be processed. To account for this backlog, the USCIS created a waitlist process by regulation requiring that "[a]ll eligible petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status *must* be placed on a waiting list and receive written notice of such placement." 8 C.F.R. § 214.14(d)(2) (emphasis added). The effect of this regulation is that when the USCIS has already issued the allotted amount of 10,000 U Visas for the year, and if there are qualified individuals who

submitted U Visa petitions that exceed the yearly cap, then those individuals must be placed on the waiting list. *Id.* Once a petitioner is placed on this U Visa waiting list, the petitioner and their qualifying family members receive deferred action while they wait for adjudication of their U Visas. *Id.*

In addition to receiving the benefit of deferred action, there are ways in which a waitlisted petitioner and their qualifying family members *may* receive employment authorization while their U Visa petition is pending. First, on December 23, 2008, Congress amended 8 U.S.C. § 1184(p)(6) and specified that "[t]he Secretary [of Homeland Security] may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U)." 8 U.S.C. § 1184(p)(6). Second, the implementing regulation, 8 C.F.R. § 214.14(d)(2), states that the "USCIS, in its discretion, may authorize employment" for waitlisted petitioners and qualifying family members. Third, on June 14, 2021, the USCIS published a Policy Manual update which includes the implementation of the Bona Fide Determination (BFD) process, a process that may result in employment authorization and deferred action to U Visa petitioners who (1) have a bona fide U Visa petition and (2) have a favorable background and security check. *See* USCIS Policy Manual, Volume 3, Part C, Chapter 5, https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5 (last visited August 26, 2021). Fourth, and finally, prior to January 17, 2017, there was a

regulation in effect which provided that the "USCIS will adjudicate the [U Visa] application within 90 days from the receipt of the application . . . Failure to complete the adjudication within 90 days will result in the grant of an employment authorization document for a period not to exceed 240 days."  8 C.F.R § 274a.13(d) (repealed Jan. 17, 2017).  This regulation was repealed on January 17, 2017.

Although the waiting list was created to alleviate some of the issues caused by the statutory cap, U Visa petitioners are experiencing a waiting period of approximately five years between the date when they file their U Visa petitions and the date when they are placed on the waiting list.  As a result, individuals applying for U Visas are experiencing two separate waiting periods: (1) the time between the initial filing of their Form I-918 and their placement on the waiting list; and (2) the time they spend on the waiting list before receiving their U Visa.  The case at hand addresses only the first waiting period.  The USCIS claims that the new BFD process will "enable the USCIS to review petitions more efficiently, and provide the benefits of employment authorization and deferred action to more petitioners in a shorter time period than the waiting list process."  *See* USCIS Case Processing Times, https://egov.uscis.gov/processing-times/ (last visited August 27, 2021).  However, the USCIS does not have sufficient data to report accurate BFD processing times at this time.  *Id.*

### B. Plaintiff's U Visa Petition

Plaintiff Jane Doe #1 ("Doe #1") is a citizen of Guatemala who entered the United States without inspection on April 4, 2000, and has been living in the United States ever since. (Doc. 1, ¶¶ 10–11.) Doe #1's daughter, Jane Doe #2 ("Doe #2") was sexually assaulted by a family friend while she was living in Chambersburg, Pennsylvania. (*Id.* ¶ 42.) Doe #1 and Doe #2 reported the assault to the Chambersburg Police Department, cooperated with the police, and helped in an investigation conducted by the Children's Advocacy Center. (*Id.* ¶ 43.) On December 19, 2016, Doe #1 filed a Form I-918 Petition for U Visa Nonimmigrant Status along with the required certification signed by the Franklin County District Attorney certifying that Doe #1's daughter was sexually assaulted and that both Doe #1 and Doe #2 cooperated in the investigation of the crime. (*Id.* ¶¶ 44–47.) In addition, Doe #1 filed the accompanying Form I-765 Application for Employment Authorization. (*Id.* ¶ 48.) On August 8, 2019, the USCIS transferred Doe #1's relevant U Visa forms from the USCIS's Vermont Service Center to its Nebraska Service Center. (*Id.* ¶ 50.) However, Doe #1 alleges that, as of the time of filing the complaint in this court, even though almost four years had passed since the filing of her petition and application, the USCIS has taken no other action regarding her petition and application for work authorization. (*Id.* ¶ 51.)

5

### C. Plaintiff's Claims

On December 14, 2020, Doe #1 filed a complaint under the Administrative Procedure Act ("APA") and the Mandamus Act.  (*Id.* ¶¶ 58–82.)  The complaint contains three counts.  Count I of the complaint asks the court to make three separate determinations: (1) that the four-year waiting period constituted an unreasonable delay of the USCIS's nondiscretionary obligation to determine Doe #1's eligibility for the U Visa waitlist within a reasonable amount of time; (2) if the USCIS determines that Doe #1 qualifies for the U Visa waitlist, the USCIS has a nondiscretionary duty to place her on the waitlist and to grant her deferred action within a reasonable amount of time; and (3) if the USCIS determines that Doe #1 is eligible for the U Visa waitlist, the USCIS has a nondiscretionary duty to grant her a temporary employment authorization document within a reasonable amount of time.  (*Id.* ¶¶ 58–64.)  Count II alleges that the USCIS's failure to issue Doe #1 employment authorization as required by 8 C.F.R. § 274a.13 violates the APA.  (*Id.* ¶¶ 65–72.)  Finally, Count III alleges an unlawful failure to determine eligibility for the U Visa waitlist under the Mandamus Act.  (*Id.* ¶¶ 73–82.)

## STANDARD OF REVIEW

### A. Lack of Subject Matter Jurisdiction

Defendants seek dismissal of the complaint.  (Doc. 8.)  Defendants first seek dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for

lack of subject matter jurisdiction.  The court, in determining whether it has subject matter jurisdiction, must decide "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (quoting *Licata v. U.S. Postal Serv.*, 33 F.3d 259, 260 (3d Cir. 1994)).  Rule 12(b)(1) challenges may be "facial" or "factual."  *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  A facial attack, which is at issue here, challenges whether jurisdiction has been properly pled and requires the court to "only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen*, 549 F.2d at 891).

### B. Failure to State a Claim

In the alternative, Defendants seek dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  In order "[t]o survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

### DISCUSSION

#### A. Subject Matter Jurisdiction

##### 1. Count I – Administrative Procedure Act

As discussed above, Plaintiff asks the court to make three separate determinations in Count I. Each of Plaintiff's allegations in Count I will be discussed individually.

> **i. Plaintiff Claims the USCIS has unreasonably delayed determining Plaintiff's eligibility for the U Visa waiting list.**

Plaintiff alleges that a four-year waiting period before being placed on the U Visa waiting list constitutes an unreasonable delay of the USCIS's nondiscretionary obligation to determine a U Visa petitioner's eligibility for the U

Visa waiting list under the APA. (Doc. 1, ¶ 59.) Plaintiff contends that the court has the authority to compel the USCIS to complete this nondiscretionary duty pursuant to the APA. (*Id.*) Defendants argue that the pace by which the USCIS adjudicates U Visa petitions and places individuals on the U Visa waiting list is discretionary and, therefore, non-reviewable. (Doc. 13, p. 15.)[1]

Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. There is a "strong presumption" that favors juridical review of administrative action. *Mach Mining LLC v. EEOC*, 575 U.S. 480, 486 (2015) (citing *Bowen v. Mich. Acad. of Fam. Physicians*, 476 U.S. 667, 670 (1986). "Unless 'there is persuasive reason to believe' that Congress intended to preclude judicial review, the Court will not preclude review." *PDR Network, LLC v. Carlton & Harris Chiropractic, Inc.*, 139 S. Ct. 2051, 2060 (2019) (Kavanaugh, J., concurring) (quoting *Bowen*, 476 U.S. at 670).

The APA states that "*within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it." 5. U.S.C. § 555(b) (emphasis added). The APA authorizes federal courts to "compel agency action unlawfully held or unreasonably delayed." *Id.* § 706(1). Therefore, a claim for unreasonable delay

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

can proceed if a plaintiff alleges that an agency "failed to take a *discrete* agency action that it is *required* to take." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis in original).  However, the APA prohibits judicial review of agency action if: (1) "statutes preclude judicial review;" or (2) "agency action is committed to agency discretion by law." *Id.* § 701(a).

It is undisputed that the decision of whether to grant a U Visa is left to the discretion of the Secretary of Homeland Security, 8 U.S.C. § 1101(a)(15)(U); that these adjudications are exercised through the USCIS, 8 C.F.R. § 214.14(c)(1); and that Congress has designated the USCIS as the agency responsible for "[a]djudicating immigration visa petitions."  6 U.S.C. § 271(b)(1).  Therefore, although the USCIS has discretion over whether a petitioner's U Visa petition is ultimately granted, the USCIS has a nondiscretionary duty to adjudicate U Visa petitions and, as a result, courts have subject matter jurisdiction over claims alleging a failure to adjudicate U Visa petitions under the APA.  5 U.S.C. § 555(b); *see also L.D.G. v. Holder*, 744 F.3d 1022, 1024 (7th Cir. 2014); *Calderon-Ramirez v. McCament*, 877 F.3d 272, 276 (7th Cir. 2017) (noting that "both parties agree that USCIS has a duty to process [petitioner's U Visa] application"); *Lopez v. Cissna*, No. 2:18-00071, 2018 WL 5013830, at *4 (D.S.C. Oct. 15, 2018) (holding that defendants had a nondiscretionary duty to adjudicate U Visa petitions under the APA).

In addition, it is undisputed that the USCIS has a nondiscretionary duty to place qualified individuals who have pending U Visa petitions, but who cannot receive U Visas because the statutory cap has already been met for the year, on the U Visa waiting list. *See* 8 C.F.R. § 214.14(d)(2) (requiring that "[a]ll eligible petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status *must* be placed on a waiting list and receive written notice of such placement" (emphasis added)); *see also Uranga v. USCIS*, 490 F. Supp. 3d 86, 101 (D.D.C. 2020); *Patel v. Cissna*, 400 F. Supp. 3d 1373, 1383 (M.D. Ga. 2019) ("There is no dispute that Defendants are required by law to decide whether to place Plaintiff on the waiting list and have not yet done so."). Therefore, because the USCIS has a nondiscretionary duty to place these individuals on the U Visa waiting list, courts have jurisdiction to review claims regarding the same under the APA. 5 U.S.C. § 555(b).

However, the issue in this case is a bit different. The question before the court is not whether the USCIS is required to *adjudicate* U Visa petitions. Rather, Plaintiff is arguing that the *pace* by which the USCIS is adjudicating U Visa petitions is unreasonably prolonged under the APA. (Doc. 1, ¶ 59.) Specifically, Plaintiff contends that a time period of four years before the USCIS has taken action to determine her eligibility for placement on the U Visa waiting list violates the APA requirement that a determination be made within a reasonable amount of

time.  (*Id.* ¶ 62.)  Defendants argue that the pace by which the USCIS adjudicates

U Visas and places qualified individuals on the U Visa waiting list is discretionary

and, therefore, is non-reviewable under the INA.  (Doc. 13, p. 15 (citing 8 U.S.C.

§ 1252(a)(2)(B)(ii) ("Notwithstanding any other provision of law . . . no court shall

have jurisdiction to review . . . any other decision or action of the Attorney General

or the Secretary of Homeland Security the authority for which is specified under

this title [8 USCS §§ 1151 *et seq.*] to be in the discretion of the Attorney General

or the Secretary of Homeland Security, other than the granting of relief under

section 208(a) [8 USCS § 1158(a)].").)  As a result, the question before the court is

whether the pace by which the USCIS determines whether petitioners qualify for

the U Visa waiting list is a non-reviewable discretionary matter, or whether the

pace may be reviewed for reasonableness under the standard set forth in the APA.

5 U.S.C. § 555(b).

Various federal courts across the country have addressed this specific

subject matter jurisdiction issue.  However, the courts that have addressed this

issue to date have reached different conclusions.  *Compare Lara Santiago v.

Mayorkas*, No. 20-cv-4508, 2021 WL 3073690, at *4 (N.D. Ga. Apr. 16, 2021)

("The Court finds that it has jurisdiction over the plaintiffs' claim under the APA

for unreasonable delay in determining their eligibility for the U-Visa waitlist"),

*and M.J.L. v. McAleenan*, 420 F. Supp.3d 588, 595–97 (W.D. Tex. 2019) (finding

that the "nondiscretionary duty" to adjudicate U Visa petitions includes claims regarding the pace of adjudication), *with Barrios Garcia v. U. S. Dep't of Homeland Sec.*, 507 F. Supp. 3d 890 (W.D. Mich. 2020) (holding that because there is no set timeline or deadline in the relevant statute, the USCIS has discretion over the pace by which U Visas are adjudicated), *and Beshir v. Holder*, 10 F. Supp. 3d 165, 177 (D.D.C. 2014) ("The absence of an applicable timeframe for the adjudication of adjustment applications supports the conclusion that the pace of adjudication is discretionary and that the Court lacks jurisdiction to hear [Plaintiff's] claim of unreasonable delay").  For the reasons explained next, this court agrees with the courts that have found that jurisdiction lies over a claim of unreasonable delay under the APA.

It is true that there is no timeframe specified by statute or regulation within which the USCIS is required to adjudicate U Visa petitions or to place individuals on the U Visa waiting list.  *See* 8 U.S.C. § 1101(15)(U) (setting forth the requirements necessary to qualify for the U Visa program); *see also* 8 U.S.C. § 1184(p)(3)(B) (stating that the Attorney General shall provide U Visa nonimmigrants with employment authorization while they have U-Visa status); 8 U.S.C. § 1184(p)(2)(A) (setting the statutory cap); 8 C.F.R. § 214.14(c) (listing the filings necessary for a U Visa petition); 8 C.F.R. § 214.14(d)(2) (establishing the U Visa waiting list).  However, as discussed above, the USCIS has a

nondiscretionary duty to fulfill the requirements listed within the statutes and regulations within a *reasonable* amount of time.  5 U.S.C. § 555(b).  Therefore, the amount of time that it takes the USCIS to place a petitioner on the U Visa waiting list cannot be indefinite.  *See Ruiz v. Wolf*, No. 20 C 4276, 2020 WL 6701100, at *3 (N.D. Ill. Nov. 13, 2020) (citing *Saini v. USCIS*, F. Supp. 2d 1170, 1176 (E.D. Cal. 2008) ("Although the INA does not specify the timeframe within which a decision on a U-Visa petition must be made, 'by necessary implication the adjudication must occur within a reasonable period of time, since a contrary position would permit the USCIS to delay indefinitely, a result Congress could not have intended.'")); *see also Kim v. Ashcroft*, 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004) ("[T]he [US]CIS simply does not possess unfettered discretion to relegate aliens to a state of 'limbo,' leaving them to languish there indefinitely.  This result is explicitly foreclosed by the APA.")

Because the court finds that the time within which the USCIS must place eligible U-Visa petitioners on the U Visa waitlist cannot be indefinite and must be "reasonable," the court concludes that it has subject matter jurisdiction to hear Plaintiff's APA claim regarding the pace by which the USCIS is reviewing U Visa petitions.  5 U.S.C. § 555(b).

ii.  **Plaintiff claims that if the USCIS determines that Plaintiff qualifies for the U-Visa waiting list, the USCIS has a nondiscretionary duty to place her on the waiting list and to grant her deferred action**.

Within Count I, Plaintiff asks the court to make three additional determinations:  (1) if the USCIS determines that Plaintiff qualifies for the U Visa waiting list, the USCIS has a nondiscretionary duty to place her on the waiting list; (2) if the USCIS determines that Plaintiff qualifies for the U-Visa waiting list, the USCIS has a nondiscretionary duty to grant her deferred action; and (3) if the USCIS determines that she is eligible for the U Visa waiting list, then the USCIS has a nondiscretionary duty to grant her a temporary employment authorization document.  (Doc. 1 ¶¶ 58–64.)  Two of these statements are undisputed by the Defendants.  First, defendant does not dispute that the USCIS has a nondiscretionary duty to place eligible U Visa petitioners who remain after the statutory cap has already been met for the year on the U Visa waiting list.  *See* 8 C.F.R. § 214.14(d)(2) ("All eligible petitioners who, due solely to the cap, are not granted U–1 nonimmigrant status *must* be placed on a waiting list and receive written notice of such placement.") (emphasis added).  Second, all parties agree that if Plaintiff is placed on the U Visa waiting list, then she will be granted deferred action while waiting to receive her U Visa.  *See id.* ("[The] USCIS will grant deferred action or parole to U–1 petitioners and qualifying family members while the U–1 petitioners are on the waiting list.")  Therefore, the court will only

15

analyze the statement regarding whether the USCIS has a nondiscretionary duty to grant an individual employment authorization upon determining that they are eligible for the U Visa waiting list.

> ### iii. Plaintiff claims that if the USCIS determines that Plaintiff is eligible for the U Visa waiting list, then the USCIS has a nondiscretionary duty to grant her a temporary employment authorization document.

Plaintiff argues that if the USCIS determines that she is eligible for the U Visa waiting list, then the USCIS has a nondiscretionary duty to grant her a temporary employment authorization document.  (Doc. 1, ¶ 61.)  There is language in relevant statutes and regulations that authorizes the USCIS to issue temporary employment authorization to U Visa petitioners while their petitions remain pending.  This section will only focus on the language found in 8 U.S.C. § 1184(p)(6) and 8 C.F.R. § 214.14(d)(2), as the Plaintiff makes a separate claim regarding the provision regarding employment authorization in 8 C.F.R. § 274a.13(d).  The court finds that none of the relevant language in 8 U.S.C. § 1184(p)(6) or 8 C.F.R. § 214.14(d)(2) requires that the USCIS grant U Visa petitioners employment authorization before the final adjudication of their U Visa petitions.

To begin, 8 U.S.C. § 1184(p)(6) provides that "[t]he Secretary [of Homeland Security] *may* grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U)."  8 U.S.C.

§ 1184(p)(6) (emphasis added).  The relevant implementing regulation has similar discretionary language which reads "[the] USCIS, in its discretion, *may* authorize employment" for waitlisted petitioners and qualifying family members.  8 C.F.R. § 214.14(d)(2) (emphasis added).  The language makes it clear that an individual *may* be granted a temporary work authorization when they have a pending bona fide petition.  *Id.*  However, there is no language within the statute or regulation that suggests that the USCIS is *required* to issue employment authorizations to these individuals.  *Id.*  The language of both the statute and the implementing regulation is plainly discretionary on its face and does not *require* the USCIS to "do anything."  *See Gonzalez v. Cuccinelli*, 985 F.3d 357, 366 (4th Cir. 2021); *see also Lopez v. Davis*, 531 U.S. 230, 241 (2000) (the use of "may" instead of "shall" in a statute means a grant of discretion).  Congress could have chosen to include mandatory language, as they did in requiring that qualified individuals *must* be placed on the U Visa waiting list and that these individuals *will* be given deferred action.  *See* 8 C.F.R. § 214.14(d)(2); *see also Anderson v. Yungkau*, 329 U.S. 482, 485 (1947) ("[W]hen the same Rule uses both 'may' and 'shall' the normal inference is that each is used in its usual sense—the one act being permissive, the other mandatory.").  However, Congress did not include such mandatory language in this instance.  *See Gonzalez*, 985 F.3d at 366 (finding that "[Congress] knows how to require an agency to implement a provision and adjudicate claims,

17

especially within a certain timeframe" but did not include such language in reference to pending U Visa petitions thus making the language discretionary).

Because the language of the statute and regulation in question is discretionary, the court cannot find that the USCIS is required to grant employment authorization to individuals who are eligible for the U Visa waiting list.  Therefore, the court does not have subject matter jurisdiction over this aspect of Plaintiff's first claim under the APA.  5 U.S.C. § 555(b).  As a result, Plaintiff's claim asking the court to find that if the USCIS determines that she is eligible for the U Visa waiting list, then the USCIS has a nondiscretionary duty to grant her a temporary employment authorization document as authorized by 8 U.S.C. § 1184(p)(6) and 8 C.F.R. § 214.14(d)(2), is dismissed with prejudice for lack of subject matter jurisdiction.

### 2.  Count II - Unreasonable Delay of Determination Regarding Employment Authorization under 8 C.F.R. § 274a.13(d)

Count II of Plaintiff's complaint alleges that the USCIS's failure to issue employment authorization documents after her U Visa petition had been pending for ninety days constitutes an unreasonable delay under former regulation 8 C.F.R. § 274a.13.  (Doc. 1, ¶¶ 65–72.)  At the time Plaintiff filed her petition, there was a regulation in place that stated, "[the] USCIS will adjudicate the[U Visa] application within 90 days from the date of receipt of the application . . . . Failure to complete the adjudication within 90 days will result in the grant of an

employment authorization document for a period not to exceed 240 days."
8 C.F.R. § 274a.13 (repealed January 17, 2017).  However, this regulation was
repealed on January 17, 2017.

Defendants claim that the court lacks subject matter jurisdiction over
Plaintiff's claims for employment authorization under the former version of the
since-repealed regulation because there is no "discrete agency action [the agency]
is required to take" in relation to Plaintiff's petition under this regulation, and
therefore, the APA does not have jurisdiction to review this claim under the APA.
(Doc. 13, p. 24.)  Defendants make several arguments in support of this claim.

First, Defendants argue that even while the old regulation was in effect, the
USCIS was never required to take action as required by the old regulation in
relation to Plaintiff's U Visa petition because the ninety-day time period specified
in the regulation did not begin to run until after an individual was deemed eligible
for the U Visa waiting list rather than on the date that the U Visa petition was
initially filed, and Plaintiff had not yet been deemed eligible for the U Visa waiting
list.  (*Id.* at 26.)  In support of their argument, Defendants cite to a "Notices and
Practice Pointers" document provided by the American Immigration Lawyers
Association from 2014 that suggests that the ninety-day processing time clock did
not begin to run until after conditional approval of the U Visa petition.  *See*
American Immigration Lawyers Association, "*Notices and Practice Pointers,*

*Vermont Service Center Stakeholder Event, October 24, 2014*," at 8,

https://asistahelp.org/wpcontent/uploads/2019/02/2014-VSC-Stakeholder-Event-

Notes-and-Practice-Pointers.pdf ("Thus, the statutory [sic] 90-day processing time

for EADs does not start until after the conditional approval of the U visa.").

However, this third-party interpretation is at clear odds with a plain reading of the

statute.  *See N-N v. Mayorkas*, No. 19-CV-5295, 2021 WL 1997033, at *17

(E.D.N.Y. May 18, 2021); *see also United States v. Tohono O'Odham Nation*, 563

U.S. 307, 317 (2011) ("considerations of policy divorced from the statute's text

and purpose could not override its meaning").

The language of the former regulation was unambiguous.  The regulation

stated that the USCIS "will adjudicate the application within 90 days from the date

of receipt" not within ninety days of a threshold determination.  *N-N*, 2021 WL

1997033 at *17; *see also Uranga*, 490 F. Supp. 3d at 100 (finding that Defendant's

interpretation of the language had "no support in its plain language"); *Rodriguez v.

Nielsen*, No. 16-CV-7092, 2018 WL 4783977, at *15 (E.D.N.Y. Sept. 30, 2018)

(concluding that Defendants cannot argue that the language in question is

ambiguous).  The court agrees that the language in 8 C.F.R. § 274a.13. is

unambiguous and thus created a nondiscretionary duty on the USCIS to issue

employment authorizations to individuals whose petitions were pending for over

ninety days while the regulation was in effect.

Defendants next argue that the new regulation, which repealed 8 C.F.R.
§ 274a.13, should be applied retroactively.  (Doc. 13, p. 22.)  The test for whether
there is retroactive intent for an administrative rule is: (1) whether Congress
expressly granted the agency the ability to promulgate rules with retroactive effect;
and, if so, (2) whether the regulation itself clearly states the retroactive effect.
*Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988).  If the test is not
satisfied, courts should consider whether the new regulation may be applied
retroactively in any event because the implementation of the regulation will not
interfere with "vested rights."  *N-N*, 2021 WL 1997033 at *18.

In this case, the regulation fails the test because there is no provision that
expressly grants the agency the ability to promulgate rules with retroactive effect.
*Uranga,* 490 F. Supp. 3d at 107; *see also* 81 Fed. Reg. 82, 398, 82, 404–05
(authorizing relevant legislation without discussion of retroactivity).  Additionally,
no language in the Federal Register suggests that the new regulation should apply
retroactively.  81 Fed. Reg. 82, 398.  So, the issue then becomes whether
implementing the new regulation retroactively would deprive Plaintiff of any
"vested rights."  *See N-N*, 2021 WL 1997033 at *18 (citing *Landgraf v. USI Film
Prod.*, 511 U.S. 224, 274 (1994)).  As discussed above, U Visa petitioners who had
pending petitions for greater than ninety days before the revised rule went into
effect had a vested right to interim work authorization.  *See* 8 C.F.R. § 274a.13(d)

(stating that "[f]ailure to complete the adjudication within 90 days *will* result in the grant of an employment authorization document for a period not to exceed 240 days."). If the new regulation is applied retroactively, these individuals would be deprived of this vested right. Therefore, if a petitioner had a U Visa petition pending for greater than ninety days before the regulation was repealed, such petitioner could state a cognizable claim that agency action was unreasonably delayed or unlawfully withheld. *See N-N*, 2021 WL 1997033 at *20.

However, in this case, although Plaintiff filed her U Visa Petition on December 19, 2016, while 8 C.F.R. § 274a.13(d) was in effect, her petition was only pending for twenty-eight days before the regulation was repealed. (Doc 1, ¶ 44.) Because the regulation required a waiting period of greater than ninety days before the right to employment authorization vested, and Plaintiff's petition was only pending for twenty-eight days before the regulation was repealed, the USCIS does not have a nondiscretionary duty to grant Plaintiff employment authorization under the since-repealed regulation. Therefore, the court does not have subject matter jurisdiction over Plaintiff's employment authorization claim in relation to 8 C.F.R. § 274a.13(d) under the APA. 5 U.S.C. § 555(b). As a result, Count II of Plaintiff's complaint will be dismissed with prejudice for lack of subject matter jurisdiction.

### 3.  Count III – Mandamus Claims

Plaintiff claims that she has satisfied the requirements to obtain a writ of mandamus compelling the USCIS to (1) determine her eligibility to be placed on the U Visa waiting list; (2) to grant her deferred action and employment authorization after being deemed to be qualified for the U Visa waiting list; and (3) to grant her employment authorization as authorized by 8 C.F.R. § 274a.13(d). (Doc. 1, ¶¶ 73–82).  To establish jurisdiction under the Mandamus Act, a plaintiff must be able to show that: (1) plaintiff has a clear right to relief; (2) defendant has a clear nondiscretionary duty to act; and (3) that no other adequate remedy is available.  *See Harmon Cove Condo. Ass'n, Inc. v. Marsh*, 815 F.2d 949, 951 (3d Cir. 1987).  Here, each of Plaintiff's claims fail to establish mandamus jurisdiction.

First, in the above discussion on Count I, the court concluded that the Plaintiff successfully stated a claim under the APA.  Specifically, the court found that the USCIS has a nondiscretionary duty to review Plaintiff's U Visa petition within a reasonable amount of time, and therefore, a claim of unreasonable delay regarding the same is reviewable under the APA.  Because Plaintiff has a potential remedy under the APA, she cannot meet the requirements for a writ of mandamus for Count I.  *Id.*

Next, within the court's discussion of whether the USCIS has a nondiscretionary duty to grant temporary employment authorization documents to

individuals who are eligible for the U Visa waitlist under 8 U.S.C. § 1184(p)(6) and 8 C.F.R. § 214.14(d)(2), the court found that the USCIS does not have a clear nondiscretionary duty to issue such work authorizations.  Therefore, because Plaintiff cannot establish that the USCIS has a nondiscretionary duty to issue these work authorizations, Plaintiff cannot meet the second element of the requirements for a writ of mandamus regarding Plaintiff's employment authorization claim.

Additionally, within the court's discussion of whether Plaintiff is entitled to employment authorization documents under 8 C.F.R. § 274a.13(d), the court found that Plaintiff cannot establish that she has a vested right to such interim employment authorization because her petition had been pending for less than ninety days before 8 C.F.R. § 274a.13(d) was repealed.  Therefore, because Plaintiff cannot establish that she is entitled to the relief sought, Plaintiff cannot meet the first element in the requirements for a writ of mandamus for her claim.

Because each of Plaintiff's grounds for seeking a writ of mandamus fail, the court does not have jurisdiction to review Plaintiff's mandamus claims.  Therefore, Count III of Plaintiff's complaint will be dismissed with prejudice.

### B. Rule 12(b)(6) Failure to State a Claim

Defendants also argue that Plaintiffs' complaint should be dismissed for failure to state a claim.  (Doc. 13, p. 30.)  Because Plaintiff's claims in Counts I and II regarding employment authorization and Plaintiff's mandamus claim in

Count III fail the court's Rule 12(b)(1) analysis, the only remaining claim at issue for the court's Rule 12(b)(6) analysis is Plaintiff's claim that a time period of four years before the USCIS has taken action to determine her eligibility for placement on the U Visa waiting list violates the APA requirement that a determination be made within a reasonable amount of time.  (Doc 1, ¶ 62.)  Upon analyzing Plaintiff's remaining claim, the court finds that this claim will survive Defendants' motion to dismiss under Rule 12(b)(6).

When assessing claims of unreasonable delay under the APA, some courts have applied the six-factor test found in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) (hereinafter, "the TRAC factor test").  Defendants argue that this court should rely on this test in assessing Plaintiff's claim.  (Doc. 13, p. 31.)  However, the TRAC factor test is not binding precedent in the Third Circuit.  Instead, the Third Circuit has utilized a different test to determine whether a delay violated the APA (hereinafter, "the OCAWU test").  *See Oil, Chem. & Atomic Workers Union v. Occupational Safety & Health Admin.*, 145. F.3d 120 (3d Cir. 1998).  The OCAWU test includes the following factors:

> First, the court should ascertain the length of time that has elapsed since the agency came under a duty to act.  Second, the reasonableness of the delay should be judged in the context of the statute authorizing the agency's action. Third, the court should assess the consequences of the agency's delay.  Fourth, the court should consider "any plea of administrative error,

administrative inconvenience, practical difficulty in carrying out
a legislative mandate, or need to prioritize in the face of limited
resources."

*Id.* at 123 (quoting *The Raymond Proffitt Found. v. EPA*, 930 F. Supp. 1088,
1102 (E.D. Pa. 1996)).  Because tests such as the TRAC factor test or OCAWU
test are inherently fact dependent, courts are split in determining whether
employing such fact-intensive tests is appropriate at the motion to dismiss stage of
proceedings.  *Compare Uranga*, 490 F. Supp. 3d at 102–106 (holding that Plaintiff
failed to state a claim after employing the TRAC factor test), *with Gonzalez*, 985
F.3d at 375 (finding that "[a] claim of unreasonable delay is necessarily fact
dependent and thus sits uncomfortably at the motion to dismiss stage and should
not typically be resolved at that stage"), *and Alvarez v. Raufer*, No. 19-3155, 2020
WL 1233565, at *4 (E.D. Pa. Mar. 20, 2020) (refusing to apply OCAWU to
dismiss a claim that a four-year delay in processing an asylum application violated
the APA).

The court agrees that employing either fact-dependent test would be
inappropriate at this stage of proceedings.  The court finds that Plaintiff's
allegation of an almost four-year delay before being placed on the U Visa waiting
list is sufficient to show that she has a plausible claim of unreasonable delay under
the APA.  It is possible that the USCIS may be able to refute this claim and prove
that their delay is reasonable due to issues such as resource constraints, competing

priorities, etc. through discovery.  However, at this stage in proceedings, the court finds that it would be inappropriate to make factual determinations before the parties have an opportunity to engage in discovery.

Defendants argue that Plaintiff cannot state a claim that the USCIS unreasonably delayed her U Visa adjudication, because the mere passage of time is insufficient to sustain a claim of unreasonable delay.  (Doc. 13, p. 30) (citing *Mashpee Wampanog Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1102 (D.C. Cir. 2003) (finding that unreasonable delay "cannot be decided in the abstract, by reference to some number of months or years beyond which agency inaction is presumed to be unlawful, but will depend in large part as we have said upon the complexity of the task at hand, the significance (and permanence) of the outcome, and the resources available to the agency")).  However, a number of courts have held that merely alleging a passage of time was sufficient in a claim for unreasonable delay to survive a motion to dismiss in similar claims.  *See Haus v. Nielsen*, No. 17 C 4972, 2018 WL1035870, at *4 (N.D. Ill. Feb. 23, 2018) (neglecting to hold that a three-year delay was reasonable as a matter of law); *Solis v. Cissna*, No. CV 9:18-00083-MBS, 2018 WL 3819099, at *4–5 (D.S.C. Aug. 10, 2018) (holding that a 37-month delay was sufficient to state a claim to relief that is plausible on its face).

The court agrees with the courts that have found that a claim of unreasonable delay based on the passage of time is sufficient to survive a motion to dismiss.  On its face, it is plausible that a four-year wait to have a U Visa petition reviewed is unreasonable under the APA.  *See Twombly*, 550 U.S. at 556.  Plaintiff alleges that it has now been over four years since she has received any updates regarding the status of her U Visa petition.  While it is plausible that this four-year delay may be found to be reasonable based on specific circumstances, the court cannot conclude this fact as a matter of law at this juncture.  The parties must be given the opportunity to further develop the facts related to this claim through discovery before the court engages in a fact-intensive analysis to determine the reasonableness of the USCIS's actions.

Therefore, the court finds that Plaintiff has sufficiently stated a claim that the USCIS unreasonably delayed its review of Plaintiff's U Visa petition in order to survive dismissal.  As a result, Defendant's motion to dismiss as it relates to Plaintiff's claim of unreasonable delay will be denied.[2]

---

[2] The court is aware of the factual assertion made in Plaintiff's brief in opposition that the USCIS has violated its nondiscretionary duty to place Plaintiff on the U Visa waitlist because it "appears" that the USCIS already completed an initial review of Plaintiff's U Visa petition, and that through this review, the USCIS has already determined that Plaintiff is eligible for U Visa status and has failed to place her on the U Visa waiting list.  (Doc. 16, p. 32– 34.)  However, this factual assertion is not in Plaintiff's complaint.  (*See* Doc. 1.)  Therefore, the court will not address this claim at this time.  The court is also aware of Plaintiff's request for the court to grant her leave to amend her complaint to add a specific claim regarding this issue.  (Doc. 16, p. 34 n.29.)  However, Plaintiff requested the court's leave to amend her complaint in a footnote in her brief in opposition.  (*Id.*)  The method by which Plaintiff is requesting leave to amend her

## CONCLUSION

For the foregoing reasons, the court will grant in part and deny in part Defendants' motion to dismiss.  Count I is dismissed in part as it relates to any claims regarding the USCIS' duty to issue employment authorization prior to final adjudication of U Visa petitions for lack of subject matter jurisdiction.  Counts II and III are dismissed for lack of subject matter jurisdiction.  Count I as it relates to the pace by which the USCIS is placing qualified individuals on the U Visa waitlist may proceed.  An appropriate order will issue.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated:  September 13, 2021

---

complaint is invalid.  *See* Fed. R. Civ. P. 15; *see also Bell v. City of Phila.*, 275 F. App'x 157, 160 (3d Cir. 2008) (finding that a plaintiff may not amend their complaint in a brief in opposition).  Because the time for Defendants to file a responsive pleading has already expired and the court-imposed deadline to amend the pleadings has passed, *see* Doc. 20, Plaintiff would need to satisfy Federal Rules of Civil Procedure 15 and 16 pursuant to *Premier Comp Solutions, LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020), in order to amend her complaint.  Accordingly, the court will not address this claim at this time.